BRORBY, Circuit Judge.
The government raises a single issue on appeal: whether the district court erred by departing downward five levels on the basis of aberrant behavior when sentencing Mr. Benally for aggravated sexual abuse of a child in Indian country. Concluding none of the factors cited by the district court singly or collectively justify an aberrant behavior departure, we reverse and remand for re-sentencing.
BACKGROUND
Mr. Benally, an American Indian, pleaded guilty to sexually assaulting a female child in 1998, when he was twenty-four years old. He admitted committing the assault when interviewed by FBI agents two days after the crime. He also provided a signed statement in which he described the assault and expressed remorse for his actions. Following his guilty plea, Mr. Benally sought a psychological evaluation for the purpose of seeking a downward departure. His sealed motion for downward departure quoted heavily from that evaluation, which concluded, generally, that Mr. Benally is more accountable and therefore potentially a better candidate for rehabilitation than is the typical sex offender.
The presentence report calculated Mr. Benally’s total offense level as 28, accounting for a three-level reduction for acceptance of responsibility. Mr. Benally’s criminal history category was I, thus establishing a sentencing guideline range of seventy-eight to ninety-seven months. The original presentence report found no basis for a downward departure; however, following the defense motion for departure, the probation officer amended the original report to recommend a downward departure on grounds of aberrant behavior. At sentencing, the district court adopted the factual findings and guideline applications in the presentence report, departed downward by five levels, to a range of forty-six to fifty-seven months, and imposed a sentence of forty-eight months. The following findings are particularly relevant to the issue on appeal:
The Court finds the defendant’s conduct in the instant offense was aberrant behavior based on the following: The defendant has no prior documented information of any sexual deviancy. The defendant has made significant post arrest rehabilitation efforts which include *1072 mental health testing to. determine the cause of his involvement in the instant offense and to prevent its recurrence. The defendant has acknowledged his alcohol intoxication may have contributed to the instant offense and has abstained from alcohol consumption since the instant offense.
Further, the defendant has cooperated with and assisted law enforcement in investigation of the instant offense by admitting his culpability [and] timely confess[ing].... These factors, when combined together, remove this case from the heartland of the guidelines and allows the Court to impose a sentence outside of the applicable guideline range.
ANALYSIS
The government contends the district court abused its discretion because the “aberrant behavior” departure does not apply to serious, violent felonies, like aggravated sexual abuse, for which probation is statutorily unavailable. Even if a departure for aberrant behavior is generally permissible for serious, violent felonies, the government argues the district court erred by relying on a combination of factors that are either disallowed or already taken into account by the guidelines. Furthermore, according to the government, none of the factors the district court relied on is present to such an extraordinary degree as to remove Mr. Benally from the heartland of the guideline range. The government concludes its argument by asserting that the district court’s underlying factual findings are clearly erroneous.
We begin by rejecting the government’s invitation to prohibit the sentencing courts’ consideration of an aberrant behavior departure in cases involving serious, violent felonies for which probation is statutorily unavailable. Such a prohibition would conflict with existing precedent. Although this court has never addressed the appropriate scope of the aberrant behavior factor for downward departure vis a vis the type of punishment available, the court consistently has taken a broad, rather than restrictive, approach to the consideration of aberrant behavior in sentencing.
Post-Noo,[1] we unequivocally have held, “ ‘[t]he aberrance of a criminal act is an encouraged factor for departure.’ ” United States v. Garcia, 182 F.3d 1165, 1176 (10th Cir.), cert. denied, — U.S. —, 120 S.Ct. 448, 145 L.Ed.2d 365 (1999) (quoting United States v. Talk, 158 F.3d 1064, 1072 (10th Cir.1998), cert. denied, 525 U.S. 1164, 119 S.Ct. 1079, 143 L.Ed.2d 81 (1999)). Without limitation, “[u]nder our case law, the aberrant nature of a criminal defendant’s offense conduct may properly be considered as a mitigating factor in a downward departure decision.” United States v. Jones, 158 F.3d 492, 500 (10th Cir.1998). Accordingly, we have upheld downward departures based on aberrant behavior even in violent and/or serious cases in which probation was not available or seriously considered. See Garcia, 182 F.3d at 1168, 1177 (cocaine trafficking, possession with intent to distribute); United States v. Tsosie, 14 F.3d 1438, 1440, 1441-42 (10th Cir.1994) (voluntary manslaughter). This precedent counsels against adopting the restriction the government advocates.[2]
*1073 Having declined to categorically limit the consideration of aberrant behavior, we proceed to evaluate the downward departure applied in this case. In reviewing a departure from the sentencing guidelines we evaluate:
(1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.
United States v. Collins, 122 F.3d 1297, 1303 (10th Cir.1997).
All four inquiries are subject to a “unitary abuse of discretion standard,” Collins, 122 F.3d at 1303, understanding that “ ‘[a] district court by definition abuses its discretion when it makes an error of law.’ ” United States v. Fagan, 162 F.3d 1280, 1283 (10th Cir.1998) (quoting Koon, 518 U.S. at 100, 116 S.Ct. 2035). Applying this standard, we need not defer to the district court’s determination of an issue of law, such as that presented by the first inquiry pertaining to the permissibility of departure factors. See Collins, 122 F.3d at 1303. However, we must give substantial deference to the district court when making the second inquiry, because the heartland determination is primarily a factual inquiry. See id. at 1302-03. Similarly, our review of the underlying factual determinations relevant to the third inquiry is limited to clear error. See id. at 1302. As outlined above, the government hinges its argument on the first three inquiries. We dispose of all issues in the context of the first two inquiries.
I.

Permissible Departure Factors: Did the district court rely on a combination of factors that are either disallowed or already taken into account by the guidelines?

In determining what constitutes aberrant behavior in a particular case, a sentencing court should evaluate the totality of circumstances. See Garcia, 182 F.3d at 1176-77; Jones, 158 F.3d at 500; Tsosie, 14 F.3d at 1441. The totality of circumstances approach does not, however, permit a sentencing court to base its aberrant behavior finding on otherwise impermissible factors. See United States v. Bush, 126 F.3d 1298, 1301 n. 2 (11th Cir.1997) (“ ‘aberrant behavior’ departure should not be utilized as a ‘back door’ through which [otherwise inappropriate] factors may enter into the sentencing determination”), cert. denied, 522 U.S. 1141, 118 S.Ct. 1109, 140 L.Ed.2d 162 (1998). “Impermissible factors include forbidden factors, discouraged factors that are not present to some exceptional degree, and encouraged factors already taken into account by the applicable guideline that are not present to some exceptional degree.” Collins, 122 F.3d at 1303. The question at this juncture, then, is whether the specific circumstances on which the district court relied are indeed permissible under the guidelines.
The district court cited the following circumstances, “combined together,” in support of its conclusion Mr. Benally’s conduct represented aberrant behavior: (1) the absence of “prior documented information of any sexual devianey”; (App. 64-65); (2) Mr. Benally’s “significant post arrest rehabilitation efforts”; (3) Mr. Benally’s *1074 “acknowledgement] his alcohol intoxication may have contributed to the instant offense”; and (4) Mr. Benally’s cooperation and assistance. The government claims (1) the district court’s reliance on the lack of prior documented information of any sexual deviancy represents a departure based on criminal history, and (2) the court’s reliance on Mr. Benally’s recognition alcohol may have contributed to his offense represents a departure based on intoxication — both prohibited departure factors. The government further claims the sentencing guidelines have already taken into account post-arrest rehabilitation and acceptance of responsibility, and Mr. Benally has demonstrated neither circumstance to an exceptional degree.
A. Prior Conduct
By definition, Mr. Benally’s sex offense could not be considered aberrant if he had a documented history of similar deviant conduct. The district court therefore appropriately considered whether there was any evidence Mr. Benally had before engaged in sexually deviant behavior. The logic or necessity of this initial inquiry into prior conduct does not, however, render the lack of any such documented history a permissible ground for departure under the aberrant behavior umbrella.
We have, on at least two occasions, upheld downward departures for aberrant conduct based, in part, on the fact the defendant had not been engaged in any prior criminal activity. See Tsosie, 14 F.3d at 1441; United States v. Pena, 930 F.2d 1486, 1494 (10th Cir.1991). Those dispositions, however, preceded the refinement of our departure analysis brought about by Koon. Having now been squarely presented with the issue of whether the lack of prior criminal conduct is a permissible factor in this specific sentencing context, we hold that the factors supporting an aberrant behavior departure must involve something other than an act which is merely a first offense. Stated differently, the permissible factors in this context must illustrate some unique circumstance — some element of abnormal or exceptional behavior — beside the fact the defendant has never before committed the crime. See United States v. Carey, 895 F.2d 318, 325 (7th Cir.1990).
This holding stays true to our commitment to evaluate all the unique circumstances relevant to the aberrant nature of the defendant’s conduct (prior good deeds, efforts to mitigate the effects of the crime, pecuniary gain, charitable activities, etc.), rather than focusing on spontaneity and thoughtlessness. Compare Jones, 158 F.3d at 500, Pena, 930 F.2d at 1494, and Grandmaison, 77 F.3d at 562-63, with United States v. Andruska, 964 F.2d 640, 645-46 (7th Cir.1992). Most important, it is consistent with our precedent prohibiting a sentencing court from using a lack of criminal history as a basis for downward departure.[3] United States v. Gallegos, 129 F.3d 1140, 1145 (10th Cir.1997). If a departure based on lack of a criminal history is forbidden, we believe it is likewise impermissible to base an aberrant behavior departure, in whole or in part, on a lack of prior criminal conduct. Consequently, the district court erred by relying on the absence of “prior documented information of any sexual deviancy” when granting Mr. Benally a downward departure.
B. Post-Arrest Rehabilitation
The district court concluded Mr. Benally’s criminal conduct was aberrant behavior, in part, because he has made “significant post arrest rehabilitation efforts which include mental health testing to determine the cause of his involvement *1075 in the instant offense and to prevent its recurrence.” The government correctly points out post-offense rehabilitation is accounted for in the context of an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1, comment, (n.l(g)), and thus may not serve as a basis for departure unless it is present to an exceptional degree. See Jones, 158 F.3d at 502-03. The inquiry required to resolve whether Mr. Benally’s post-arrest rehabilitation efforts were exceptional and support a finding of aberrant behavior is necessarily a factual one, which we review below under Section II.A. See id. at 503; United States v. Contreras, 180 F.3d 1204, 1210 (10th Cir.), cert. denied, — U.S. —, 120 S.Ct. 243, 145 L.Ed.2d 204 (1999).
C. Intoxication and Post-Arrest Sobriety
In addition to Mr. Benally’s post-arrest rehabilitation efforts, the district court deemed it important Mr. Benally acknowledged his alcohol intoxication may have contributed to the instant offense and abstained from alcohol consumption since the offense. To the extent the court may have departed downward on the basis of intoxication, as the government contends, the government is correct that a departure on such grounds is prohibited by the guidelines. U.S.S.G. § 5K2.13, p.s.
Mr. Benally contends the district court instead relied on these facts as evidence he “had gained insight that alcohol abuse played a part in his offense and that abstaining from alcohol since the date of the offense was indicative of his sincere resolve not to repeat that conduct.” Viewed in this context, the findings of intoxication and post-arrest sobriety are not patently impermissible under the guidelines. See Koon, 518 U.S. at 109, 116 S.Ct. 2035 (“[A] federal court’s examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor.”). However, that does not mean those findings are relevant or sufficient to support an aberrant behavior departure. Here again, the inquiry required to resolve whether those findings support the district court’s ultimate conclusion that Mr. Benally’s conduct was aberrational is necessarily a factual one, which we review below under Section II.B. See Contreras, 180 F.3d at 1210.
D. Cooperation and Assistance
The district court cited Mr. Benally’s cooperation and assistance in the investigation of his crime by “admitting his culpability,” and by making a “timely confession,” as factors that, together with the aberrant behavior finding, supported a downward departure. The government argues the guidelines “allow a downward departure for ‘voluntary disclosure’ of an offense, but only when the defendant’s admission occurs before the discovery of the offense, a circumstance clearly not present here.” See U.S.S.G. § 5K2.16, p.s. The government further points out the guidelines expressly account for acceptance of responsibility, U.S.S.G. § 3E1.1, and Mr. Benally in fact received an extra point available under U.S.S.G. § 3El.l(b) for acceptance of responsibility that saves the government resources, thereby reducing his offense level by three instead of two points.
Because the guidelines expressly account for cooperation and assistance, this factor is not categorically prohibited. It is best categorized as an encouraged factor, which is impermissible only if it is not present to an exceptional degree. Collins, 122 F.3d at 1303. We review whether Mr. Benally’s cooperation and assistance was indeed exceptional in part II.C. of our analysis.
II.

Are the permissible factors the district court relied on present to such an extraordinary degree they remove Mr. Be-nally from the heartland of the guideline range?

*1076 Having concluded the circumstances pertaining to Mr. Benally’s post-arrest rehabilitation, intoxication, post-arrest sobriety, and cooperation and assistance are legally permissible factors under the guidelines, we shift our focus to whether those circumstances are factually appropriate grounds for departure, ie., are those circumstances present to such an exceptional degree they go beyond the contemplation of the applicable guidelines or otherwise remove Mr. Benally’s case from the heartland of the guideline range by demonstrating aberrant behavior. Koon, 518 U.S. at 109, 116 S.Ct. 2035. We review the district court’s findings in this context for abuse of discretion. See Contreras, 180 F.3d at 1210.
A. Posi>-Arrest Rehabilitation
The district court cited Mr. Benally’s mental health testing as the specific “rehabilitative” reason for departure. Mr. Benally argues the psychological testing supports the court’s downward departure on grounds of aberrant behavior because it indicates (1) he is not a pedophile, (2) his offense resulted from a personality disorder, and (3) he is amenable to treatment.
We perceive two relevant questions as to Mr. Benally’s psychological testing: (1) did Mr. Benally undergo an exceptional degree of rehabilitative effort prior to sentencing sufficient to take him outside the heartland contemplated by the acceptance of responsibility adjustment under U.S.S.G. § 3E1.1; and (2) do the test results establish Mr. Benally’s conduct was indeed aberrant? Having studied the arguments and reviewed the record in its entirety, we answer both questions in the negative.
The government correctly notes Mr. Be-nally underwent a psychological evaluation for the specific purpose of supporting his downward departure motion. While both the psychological report and presentence report suggest Mr. Benally has requested appropriate treatment and is interested in learning more about himself and why he committed such an offense, there is no real showing his attitude or future treatment regimen differs substantially from that of other incarcerated sex offenders. The evidence of record is limited to (1) the psychologist’s opinion that certain of Mr. Benally’s actions, primarily the fact he immediately confessed to the crime, are not typical of the general sex offender population and “indicate [ ] that he is much more accountable and therefore potentially more amendable to rehabilitation than is the typical sex offender” (emphasis added), and (2) the probation officer’s opinion Mr. Benally’s post-arrest conduct may be viewed as rehabilitative and, when combined with other factors, removes his case from the heartland of the usual sexual offense cases seen in the District of New Mexico. These equivocal and conclusory statements simply are not enough. The acceptance of responsibility guideline, U.S.S.G. § 3E1.1, specifically contemplates an adjustment for “post-offense rehabilitative efforts (e.g., coünseling or drug treatment).” U.S.S.G. § 3E1.1 comment. (n.l(g)). Mr. Benally received an adjustment for acceptance of responsibility. The absence of additional evidence or explanation as to why Mr. Benally’s rehabilitative effort went beyond that contemplated by U.S.S.G. § 3E1.1 renders a departure on this basis invalid.
Mr. Benally understandably relies on those portions of his psychological evaluation which intimate his sexual assault of a young child was out of character for him and atypical of other sex offenders/pedophiles. To the extent the psychologist concluded Mr. Benally’s sex offense was a departure from Mr. Benally’s normal behavior pattern, we note the psychologist relied on behavioral and historical facts as provided by Mr. Benally himself. Those conclusions must therefore be weighed accordingly. More important, we must look beyond the psychologist’s summary conclusions to underlying substantive portions of the evaluation, which illustrate troubling behavior patterns and clear similarities be *1077 tween Mr. Benally’s crime and typical sex offender behavior.
For example, Mr. Benally exhibited a response profile on the MMPI-II commonly observed in persons who have had behavioral and legal problems. Test results also indicated Mr. Benally “may be rather amoral, which is consistent with the opportunistic nature of [his] offense.” “His behaviors may be unpredictable and at times inappropriate, because he does not place the same degree of importance on the social appropriateness of his behavior in comparison with most people.” “[H]e appears to have a reservoir of anger, which tends to influence his perception of the world.” Mr. Benally’s responses to sexual offense scales exhibited “a high degree of commonality between his pattern and responses given by other persons who have committed child molestation,” and “a moderate degree of commonality with persons who have committed more intrusive rapes as compared with typical child molestation. Overall, his responses show a high degree of similarity with others who openly acknowledge having committed inappropriate sexual acts.” Finally, Mr. Benally exhibited sexual arousal responses not usually seen in non-offending males. Viewed as a whole, we conclude the psychological report does not set Mr. Benally’s crime apart from his own behavior patterns or those of other sex offenders to the degree necessary to support an aberrant behavior departure.
In sum, despite the fact the district court found Mr. Benally made “significant post arrest rehabilitation efforts,” our careful review of the record does not reveal evidence of an exceptional degree of effort beyond that accounted for in the guidelines. Moreover, the results of Mr. Benally’s psychological testing do not establish his conduct was aberrant. Accordingly, on these facts, we hold the district court abused its discretion by departing downward.
B. Intoxication and Post-Arrest Sobriety
Mr. Benally does not argue it was abnormal or in any way exceptional for him to be intoxicated. Nor did the district court indicate Mr. Benally’s intoxication at the time of the offense was out of the ordinary when compared to his typical behavior. The record reveals no unusual circumstance that might explain why Mr. Benally was intoxicated when he assaulted the young girl. To the contrary, the record indicates Mr. Benally has a long history of alcohol abuse, with associated blackouts and an admitted loss of control over his behavior. Mr. Benally must have recognized the destructive nature of his alcohol abuse prior to the assault, as evidenced by his previous attempts at recovery. Under these circumstances, we fail to see how Mr. Benally’s intoxication or his acknowledgment that alcohol played a role in his offense could possibly support a departure on grounds of aberrant behavior.
Moreover, we agree with the government Mr. Benally’s post-arrest sobriety reflects little more than his compliance with the conditions of his release to a halfway house. As noted above, Mr. Be-nally has a prolonged history of alcohol abuse and various attempts at treatment, with intervening periods of sobriety. Viewing the totality of circumstances, Mr. Benally’s post-arrest sobriety is not convincing evidence of a voluntary or unusual effort sufficient to establish his criminal conduct was an aberration or to otherwise support the district court’s departure.
C. Cooperation and Assistance
The district court made no factual findings and provided no support for its conclusion Mr. Benally’s cooperation and assistance supported a downward departure. There is no evidence Mr. Benally voluntarily disclosed his crime. Rather, the record discloses he confessed his crime after the crime was reported and FBI agents contacted him. In addition, he provided a signed statement recounting the offense and expressing remorse; he also *1078 timely notified authorities of his intention to enter a guilty plea. For these acts of cooperation and assistance, Mr. Benally received a three-point adjustment to his offense level pursuant to U.S.S.G. § 3El.l(b).
The government asserts it was incumbent on the sentencing court to explain why Mr. Benally’s admission of culpability and timely confession were so extraordinary that they went beyond the cooperation and assistance contemplated by the acceptance of responsibility guideline at U.S.S.G. § 3El.l(b). We agree. See United States v. Gaither, 1 F.3d 1040, 1042-43 (10th Cir.1993). Given the absence of any explanation or evidentiary support for the district court’s conclusion, we deem the court’s reliance on Mr. Benally’s cooperation and assistance as grounds for downward departure to be an abuse of discretion.
CONCLUSION
Relying on comment to U.S.S.G. § 5K2.0, Mr. Benally argues that “[a] combination of circumstances or offender characteristics may remove a case from the heartland.” It is true, there occasionally may be
an extraordinary case that, because of a combination of such characteristics or circumstances, differs significantly from the “heartland” cases covered by the guidelines in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case. However, the Commission believes that such cases will be extremely rare.
U.S.S.G. § 5K2.0 comment, (emphasis added). This is not one of those extremely rare cases. As explained above, the factor pertaining to prior conduct was legally impermissible, and the factors pertaining to intoxication, post-arrest sobriety and rehabilitation, and cooperation and assistance were factually inappropriate. “Combining the legally impermissible and factually inappropriate grounds for departure cannot make this case one of the ‘extremely rare’ cases contemplated by § 5K2.0.” Contreras, 180 F.3d at 1213. We REVERSE the district court’s decision to depart downward and REMAND for re-sentencing consistent with this opinion.

. Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), is the seminal United States Supreme Court case defining the proper analysis for making de- ■ parture decisions. The initial inquiry in such an analysis is whether a particular feature, like aberrant behavior, is a "forbidden/' "encouraged," "discouraged," or "unmentioned” factor in the sentencing guidelines. Id. at 94-96, 116 S.Ct. 2035.

. We acknowledge the Eighth Circuit has taken a different approach. See United States v. Kalb, 105 F.3d 426, 429 (8th Cir.1997) (for a serious crime that cannot warrant probation, aberrant behavior is an unmentioned, not an encouraged factor under Koon). However, our holding is not without support among the circuits. See United States v. Withrow, 85 F.3d 527, 530 (11th Cir.) (noting that prior to Kalb, all circuits that had addressed the issue concluded "single acts of aberrant behavior *1073 were excluded from consideration in the formulation of the guidelines and thus might justify sentences below the guideline range even in cases where probation is not a viable option.”), cert. denied, 519 U.S. 944, 117 S.Ct. 332, 136 L.Ed.2d 245 (1996); United States v. Grandmaison, 77 F.3d 555, 561 (1st Cir.1996) (downward departures for aberrant behavior "may be employed whether the sentence computed involves imprisonment or merely probation”); see also Kalb, 105 F.3d at 431-32 (Bright, J. dissenting) (aberrant behavior is an encouraged, rather than an unmentioned factor).

. "The lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the guideline range for Criminal History Category I on the basis of the adequacy of criminal history cannot be appropriate.” U.S.S.G. § 4A1.3, p.s.; see also United States v. Maldonado-Campos, 920 F.2d 714, 719 (10th Cir.1990).