**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**DEC 19 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR HUGO NAVARRO,

    Defendant-Appellant.

No. 00-2194
(D.C. No. CIV-99-713-BB/WWD)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Victor Hugo Navarro was convicted after a jury trial of conspiring to possess and possessing over 100 kilograms of marijuana with intent to distribute, and was sentenced to 68 months incarceration. He did not file a direct appeal and now brings this action under 28 U.S.C. § 2255 contending that his counsel was

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ineffective in failing to move the sentencing court for a downward departure. The

district court denied relief and denied Mr. Navarro's request for a Certificate of

Appealability (COA). Mr. Navarro renews his request on appeal. As discussed

briefly below, we conclude that Mr. Navarro has failed to show he has met the

standards applicable to a COA and we therefore deny his motion and dismiss his

appeal.

Mr. Navarro contends his counsel was ineffective in failing to argue at

sentencing that Mr. Navarro should have been granted a downward departure on

the basis of his family ties, his employment history, and his aberrant behavior. To

succeed on this claim, Mr. Navarro must show his counsel's behavior fell below

an objective standard of reasonableness, and there is a reasonable probability that

but for counsel's alleged errors the result of the sentencing would have been

different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Mr.

Navarro has failed to establish that his sentence would have been different had his

counsel sought a downward departure on the basis of the asserted factors.

Mr. Navarro first contends departure was warranted on the ground that his

criminal activity was aberrant behavior, pointing out that he has no previous

record of criminal activity.[1] Although this court has upheld departures for

---

[1] The record contains evidence of a polygraph test taken by Mr. Navarro which indicated that, despite his lack of a criminal record, Mr. Navarro lied when he said he had not previously undertaken illegal drug activity.

aberrant behavior on the fact that the defendant had no prior documented history of criminal activity, *see Tsosie v. United States*, 14 F.3d 1438, 1441 (10th Cir. 1994), we have subsequently reexamined the matter in light of *Koon v. United States*, 518 U.S. 81 (1996), and now hold that "an aberrant behavior departure must involve something other than an act which is merely a first offense," and must contain "some unique circumstance–some element of abnormal or exceptional behavior–beside the fact the defendant has never before committed the crime." *United States v. Benally*, 215 F.3d 1068, 1074 (10th Cir. 2000). Our examination of the record has uncovered no additional unique circumstance here. A downward departure would therefore not have been justified on the basis of aberrant behavior.

Mr. Navarro contends a downward departure would also have been justified by his employment history, pointing out that despite his limited education he has had a long, continuous and reliable work history. A defendant's employment record is a discouraged factor in determining whether a sentence outside the guideline range is appropriate. *See* U.S.S.G. §5H1.5; *United States v. Jones*, 158 F.3d 492, 498 (10th Cir. 1998). It therefore cannot be considered in evaluating the propriety of a downward departure unless the circumstances show the factor is present to an exceptional degree. *See Benally*, 215 F.3d at 1073. Mr. Navarro's employment history, while admirable, is not exceptional under the circumstances.

*See United States v. Ziegler*, 39 F.3d 1058, 1062 (10th Cir. 1994) ("reliable employment record 'replete with positive statements from employers'" does not present extraordinary circumstances justifying departure).

Finally, Mr. Navarro argues that a downward departure would have been justified by his family ties and responsibilities. He has been in a stable marriage for twenty years. His wife has never worked outside the home and he is the sole support of their three children. Family ties and responsibilities are a discouraged factor, *see* U.S.S.G. § 5H1.6; and may therefore only be the basis for a departure in an atypical case, *see Jones*, 158 F.3d at 499. To warrant a departure on this basis, a defendant must show that the sentence would have an effect on the family beyond that which would be present in the usual case. *See id*. The circumstances here do not make that showing. *See Gallegos*, 129 F.3d at 1146 (fact that defendant was sole support for her son and partial support for her parents did not take circumstances out of the heartland).

In sum, Mr. Navarro has shown no facts justifying a downward departure on the basis of aberrant behavior. He has likewise failed to allege any exceptional circumstances that would justify a departure on the discouraged factors of work history or family responsibilities. Finally, he has not shown his situation to be the "extremely rare" and "exceptional case" that because of a combination of characteristics falls outside the sentencing heartland even though

none of the circumstances individually would justify departure.  *See* U.S.S.G. § 5K2.0, comment.

Accordingly, Mr. Navarro has not shown he was prejudiced by his counsel's failure to seek a downward departure at sentencing.[2]  He has therefore failed to make a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  *See* 28 U.S.C. § 2253(c); *Lennox v. Evans*, 87 F.3d 431 (10th Cir. 1996).

The request for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2] Indeed, the presentence report reflects that Mr. Navarro was subject to a mandatory minimum sentence of 60 months so any downward departure could only have reduced his 63-month sentence by three months.