**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TYRONE BENALLY,

Defendant-Appellant.

No. 01-2020
(D.C. No. CR-98-329-JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant pleaded guilty to sexually abusing a child in Indian country. At the initial sentencing, the district court departed downward on the basis of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aberrant behavior prompting an appeal by the government. This court reversed and remanded for resentencing. *See United States v. Benally*, 215 F.3d 1068, 1078 (10th Cir. 2000). After a second sentencing hearing, the district court resentenced defendant without the adjustment to account for aberrant behavior because the judge concluded that defendant had produced no new evidence which had not already been rejected by the Tenth Circuit as grounds for departure. Defendant appeals that decision.

The government has moved to dismiss the appeal for lack of subject matter jurisdiction, citing defendant's waiver of his right to appeal in the plea agreement.[1] In the plea agreement, defendant agreed to waive "the right to appeal any sentence within the maximum provided in the statute[s] of conviction (or the manner in which that sentence was determined)." R. Vol. I, tab 20 at 5. Defendant also agreed to waive "the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court." *Id.* at 6. Defendant's sentence did not exceed the statutory maximum, and the court did not depart upwards from the applicable guideline range.

---

[1] The fact that the government's motion was filed beyond the suggested fifteen-day period after the filing of the notice of appeal, *see* 10th Cir. R. 27.2(A)(3), will not doom its motion. Even in the face of an untimely motion, this court has an independent obligation to determine its subject matter jurisdiction. *See United States v. Rubio*, 231 F.3d 709, 711 n.1 (10th Cir. 2000).

"This court will hold a defendant to the terms of a lawful plea agreement. A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (citation and quotation omitted). Our review of the plea agreement and the transcripts of the sentencing hearings reveals nothing to suggest that defendant's waiver was either unknowing or involuntary or that defendant was unaware of the consequences of his plea.

Nor do we agree with defendant's contention that the plea agreement should be set aside on the basis of fundamental unfairness. As noted above, if a plea agreement is entered into knowingly and voluntarily and is not unlawful, it will be enforced. *United States v. Fortier*, 180 F.3d 1217, 1223 (10th Cir. 1999). The fact that his plea agreement barred defendant from appealing his sentence but did not similarly prohibit an appeal by the government does not render the plea agreement unenforceable. Further, defendant's argument that, because the waiver failed to specify a sentencing range it is contrary to public policy, has been foreclosed by this court's opinion in *United States v. Rubio*, 231 F.3d 709, 713 (10th Cir. 2000) (holding that where, as here, a plea agreement is governed by Fed. R. Crim. P. 11(e)(1)(B), a specific sentence or sentencing range need not be included in the agreement).

The final issue advanced by defendant in opposition to the government's motion to dismiss is that the parties did not contemplate the issues that would be raised by the remand at the time they entered into the plea agreement. Defendant states that he is not challenging his sentence *per se* but only the district court's erroneous belief that it was without the authority to grant a downward departure due to the remand. The fact that the parties did not foresee all future issues at the time the plea agreement was agreed to does not render the agreement unenforceable. And finally, defendant fails to explain how the remand by this court somehow affected his initial decision to plead guilty and waive his appellate rights. See Atterberry, 144 F.3d at 1301.

We therefore hold that the waiver in this case applies. The appeal is DISMISSED.

Entered for the Court

Stephen H. Anderson
Circuit Judge