**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEDRICK SHAWN CALDWELL,

Defendant-Appellant.

No. 00-1501
(D.C. No. 94-CR-210-Z)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is the third sentencing-related appeal in this case. Defendant Dedrick Shawn Caldwell was convicted by a jury of one count of unlawful possession with intent to distribute and distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851, alleging that defendant had a prior felony drug conviction that would enhance his statutory maximum sentence.

In addition to this enhancement of the statutory sentence resulting from the prior felony drug conviction, defendant was also subject to an enhanced guideline sentence as a career offender. The district court found that he had at least two prior violent or drug-related felony convictions. *See* United States Sentencing Guidelines Manual § 4B1.1 (2000) (USSG). Defendant does not contest his status as a career offender in this appeal.

The district court, relying on an Application Note to the career offender guideline then in place, *see* USSG § 4B1.1, App. note 2 (1994), sentenced defendant to a term of 262 months in prison. In defendant's first appeal in this case, we (1) affirmed his conviction; (2) rejected his contention that the district court erred by refusing to depart downward from the career offender guideline; and (3) acting on a cross-appeal filed by the government, vacated defendant's

-2-

sentence and remanded for recalculation of the guideline amount. *United States v. Caldwell*, Nos. 95-1003, 95-1023, 1996 WL 185749 (10th Cir. Apr. 17, 1996). [1]

On remand for resentencing, the district court granted defendant's motion for a downward departure from the career offender guideline. It departed to a guideline range of 140 to 175 months based on an offense level of 28–the applicable offense level without the career offender enhancement–and a criminal history category of VI. Based on the departure, the district court sentenced defendant to 175 months' imprisonment. The government appealed this sentence, and we again remanded with instructions to the district court to resentence defendant within a guideline range of 360 months to life imprisonment. *United States v. Caldwell*, 219 F.3d 1186 (10th Cir. 2000).

Before defendant could be resentenced, however, the United States Supreme Court decided the case of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Consequently, defendant filed a motion pursuant to 28 U.S.C. § 2255, seeking to correct his sentence in light of *Apprendi*. Defendant argued that *Apprendi* required the jury to be instructed upon and to find two elements that affected the length of his sentence: (1) the quantity of the controlled substance involved in

[1] The district court had applied a guideline range of 262 to 327 months' imprisonment based on a career offender level of 34 and a criminal history category of VI. We remanded for resentencing within a guideline range of 360 months to life imprisonment based on a career offender offense level of 37, the correct offense level in view of the enhanced statutory sentence.

the offense; and (2) the fact of his prior convictions leading to the statutory enhancement and career offender status. Since the jury had not been required to find the drug quantity applicable to his offense, defendant contended that he could only receive a statutory maximum sentence of twenty years under the catch-all provision of 21 U.S.C. § 841(b)(1)(C) (enhanced to thirty years based on his prior felony drug conviction, *see id.*). He further argued that since the jury had not found that he had the requisite prior felony convictions, he was not subject to the career offender enhancement or the maximum sentence enhancement to thirty years pursuant to § 841(b)(1)(C).

The government conceded that because the jury had not found the drug quantity, defendant could only be sentenced under § 841(b)(1)(C) to a maximum statutory term of thirty years. It contended, however, that *Apprendi* had not overruled the holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that the fact of a prior conviction is not an element of the offense that must be pled in the indictment and found by the jury. Therefore, it rejected the remainder of defendant's arguments.

The district court agreed with the government's position. It calculated defendant's guideline sentence as follows. Because *Apprendi* required that the maximum statutory sentence be adjusted to thirty years, the offense statutory maximum for purposes of the career offender guideline was now "25 years

-4-

or more" rather than "life." *See* USSG § 4B1.1. Therefore, defendant's offense level under the career offender guideline was 34, and his Criminal History category was VI. *See id.* This created a guideline range of 262 to 327 months. The district court sentenced defendant at the lower end of this range, to 262 months.

In this appeal, defendant contends that *Apprendi* also required that the jury be allowed to determine whether he had a prior felony drug conviction that raised the applicable offense statutory maximum under § 841(b)(1)(C) from twenty years to thirty years, and thus, whether his offense level under the career offender guideline should have been 32 rather than 34. *See* USSG § 4B1.1. Defendant concedes that his argument is foreclosed by *Almendarez-Torres* as well as by prior circuit precedent. *See United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000). He states he has raised his *Apprendi* argument in order to preserve it for further review in the event that the Supreme Court overrules *Almendarez-Torres*. Since we are bound by *Almendarez-Torres* and prior panel decisions concerning this issue, however, we cannot grant anticipatory relief and must affirm defendant's sentence. *See United States v. Dorris*, 236 F.3d 582, 587 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 1635 (2001).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. E. Richard Toray's motion to withdraw as defendant's counsel is GRANTED. The clerk of court is directed to find and appoint replacement counsel pursuant to 18 U.S.C. § 3006A within ten days of the entry of this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge