**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 25 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAMIRO REGALADO-RAMIREZ,

Defendant-Appellant.

No. 01-2113
(D.C. No. CR-00-1440-JP)
(D.N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **ANDERSON** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Ramiro Regalado-Ramirez appeals from his sentence after pleading guilty to possessing with intent to distribute more than 100 kilograms of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

marijuana in violation of 21 U.S.C. § 841(b)(1)(B). The district court sentenced defendant to 188 months' imprisonment and five years of supervised release. We affirm.

Because defendant had two prior felony drug convictions, the district court sentenced defendant as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2000). This resulted in defendant being sentenced based on a mandatory criminal history category of VI. Defendant is not challenging the district court's decision to categorize him as a career offender or the resulting automatic placement in criminal history category VI. Instead, the only issue raised by defendant is whether the district court erred by failing to grant him a downward departure from category VI under § 4A1.3.

At the sentencing hearing, defendant moved for a downward departure under § 4A1.3, claiming that the criminal history category of VI significantly over-represented the seriousness of his criminal history. Specifically, defendant claimed that he should not be treated as a career offender because: (1) he has no prior criminal history except for the two prior felony drug convictions; and (2) both of the prior convictions involved relatively small amounts of marijuana. [1] The district court denied the request for a downward departure under § 4A1.3,

[1]     Defendant also argued for a downward departure based on the fact that he only received small payments for his role in the prior drug transactions. However, this factor is not an issue in this appeal.

finding that the circumstances argued by defendant did not take him out of the heartland of the career offender category.

The first issue we must determine is whether we have jurisdiction over this appeal. As we recently stated:

> Our review of a sentencing court's refusal to grant a downward departure is narrow. [C]ourts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant . . . This exception does not apply when a sentencing court concludes *under the defendant's particular circumstances* that it does not have the authority to depart.

*United States v. Browning*, 252 F.3d 1153, 1160-61 (10th Cir. 2001) (quotation omitted). Further, for jurisdiction to exist, "[t]he district court's statement that it lacks authority to grant the requested downward departure must be unambiguous." *Id.* at 1161.

At the sentencing hearing, the district court made two separate rulings. First, it found that defendant was not entitled to a downward departure based on the quantity of drugs involved in his prior convictions. In reaching this determination, the district court correctly noted that, in *United States v. Caldwell*, 219 F.3d 1186, 1193 (10th Cir. 2000), this court stated that "it does not endorse the proposition that a small quantity of drugs involved in current or prior criminal offenses, alone, could justify a downward departure." R., Vol. III, at 7.

However, the district court then went on to make a purely factual determination that the quantity of drugs involved in defendant's prior convictions was not "so small as to make this case unusual from other career offender cases." *Id.* Thus, despite its reference to this court's statement in *Caldwell*, the district court did not make an unambiguous legal determination that it could not, under any circumstances, depart from the sentencing guidelines based solely on drug quantities. Consequently, we do not have jurisdiction to review the district court's ruling regarding the drug quantity factor.

Second, the district court determined that "because [] the number of prior convictions is a factor fully considered by the Sentencing Commission in its definition of a career offender, and there is nothing exceptional about having just two prior felony drug convictions[,] [t]his is an impermissible departure factor." R., Vol. III, at 7-8. This was an unambiguous statement by the district court that it did not have the authority to depart from the sentencing guidelines for career offenders based solely on the fact that a career offender has only two prior felony convictions. Thus, we have jurisdiction to review the district court's ruling de novo. *See Browning,* 252 F.3d at 1161.

We agree with the district court that the fact that a career offender has only two prior felony convictions is, standing alone, an impermissible departure factor. Under § 4B1.1(3), a career offender is, by definition, a defendant with "at least

-4-

two prior felony convictions of either a crime of violence or a controlled substance offense." Consequently, the fact that a career offender has only two prior felony convictions cannot, by itself, be utilized as a basis for granting a downward departure under § 4A1.3. *See United States v. Collins*, 122 F.3d 1297, 1304 (10th Cir. 1997) (holding that, under § 4A1.3, sentencing court may only depart from career offender category if defendant's criminal history significantly differs from the heartland of § 4B1.1). [2]

The judgment and sentence of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[2] Of course, to determine whether a defendant is entitled to a downward departure from the career offender category, the district court must "consider all of the factual circumstances that bear upon a defendant's criminal history and likelihood for recidivism." *Collins*, 122 F.3d at 1304. Without question, the number of prior convictions, as well as the nature and circumstances of each conviction, must be the starting point in this analysis. As a result, our determination that the "number" of prior felony convictions is an impermissible departure factor is limited to the situation where: (1) a career offender has only two prior convictions; and (2) the career offender argues for a downward departure based solely on the fact that he has only two prior convictions.