FILED
United States Court of Appeals
Tenth Circuit

May 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEDRICK CALDWELL,

Defendant-Appellant.

No. 08-1368

(D. Colorado)

(D.C. No. 94-CR-210-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **HOLLOWAY** and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is the fourth sentencing-related appeal in this case. In this proceeding, Dedrick Caldwell challenges the district court's order denying his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Because Mr. Caldwell

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was a career offender, his advisory guideline range would not change with the retroactive application of the Amendment 706. Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

In 1994, Mr. Caldwell was convicted by a jury of one count of unlawful possession with intent to distribute and distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851 alleging that defendant had a prior felony drug conviction that would enhance his statutory maximum sentence. After three sentencing hearings, the district court resentenced Mr. Caldwell as a career offender (under U.S.S.G. § 4B1.1) to 262 months' imprisonment. *See United States v. Caldwell*, 21 F. App'x 810 (10th Cir. 2001); *United States v. Caldwell*, 219 F.3d 1186 (10th Cir. 2000); *United States v. Caldwell*, Nos. 95-1003, -1023, 1996 WL 185749 (10th Cir. Apr. 17, 1996).

In July 2007, Mr. Caldwell filed a motion in the district court to modify his sentence pursuant to the retroactive application of Amendment 706 of the Guidelines.[1] In reviewing the motion, the district court determined that, because it had sentenced Mr. Caldwell as a career offender under 4B1.1, he was not

---

[1] Amendment 706 to U.S.S.G. § 2D1.1(c), which modified the Drug Quantity Table downward two levels for crack cocaine, became effective November 1, 2007, and retroactive as of March 3, 2008. *See* U.S.S.G. Supp. to App'x C, Amend. 706 (Reason for Amend.); U.S.S.G. § 1B1.10(a) and (c); Amends. 712 and 713 (Mar. 3, 2008 Supp.).

eligible for a corresponding reduction of his sentence under Amendment 706 and U.S.S.G. § B1.10(a)(2)(B), and denied the motion.

Before this court, Mr. Caldwell argues the recent guidelines amendments do apply to him. We review de novo the district court's scope of authority in a resentencing proceeding under 18 U.S.C. § 3582(c)(2) as well as its interpretation of a statute or the Guidelines. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). We review the district court's decision to deny a reduction in sentence under § 3582(c)(2) for an abuse of discretion. *Id.* "When a motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (alterations in original) (internal quotation marks omitted).

Mr. Caldwell acknowledges that under *Sharkey*, 543 F.3d at 1239, we have held that "Amendment 706 had no effect on the career offender guidelines in § 4B1.1, which were the guidelines used by the district court in sentencing [him]." *See* Aplt's Br. at 9 (citing *Sharkey*). Here, as in *Sharkey*, we acknowledge that "had Amendment 706 been in place" at the time of sentencing, 543 F.3d at 1239, it would have lowered Mr. Caldwell's base offense level by two levels under § 2D1.1. However, as Mr. Caldwell points out, after a sentencing court determines the § 2D1.1 offense level, it applies the career-offender section, §4B1.1, comparing the career offender offense level with the § 2D1.1 offense level. The court then must select the greater of the two, and consider any policy

statements or commentary regarding departure. Aplt's Br. at 10; U.S.S.G.

§ 4B1.1(b) (providing that "if the offense level for a career offender . . . is greater

than the offense level otherwise applicable, the offense level from the table in this

subsection shall apply").

Because Mr. Caldwell's argument is foreclosed by our decision in *Sharkey*,

543 F.3d at 1239, we hold that the district court did not err when it denied his

motion. We AFFIRM the district court's order denying Mr. Caldwell's motion

filed pursuant to 18 U.S.C. § 3582(c)(2) for a downward variance under 18 U.S.C.

§ 3553(a).

Entered for the Court,


Robert H. Henry
Circuit Judge