**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEDRICK SHAWN CALDWELL,

Defendant-Appellant.

No. 12-1077

(D. of Colo.)

(D.C. No. 1:94-CR-00210-LTB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Dedrick Shawn Caldwell, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion to modify his sentence pursuant to 18 U.S.C.

§ 3582(c). Exercising jurisdiction under 28 U.S.C. § 1291, we DISMISS

Caldwell's appeal as untimely.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Caldwell was convicted in 1994 of possession with intent to distribute and distributing more than 5 grams of cocaine base, also known as crack cocaine. He was sentenced to 262 months' imprisonment after the sentencing court determined he was subject to an enhanced guideline sentence as a career offender under United States Sentencing Guideline (USSG) § 4B1.1. We subsequently affirmed Caldwell's conviction. *See United States v. Caldwell*, Nos. 95-1003, 95-1023, 1996 WL 185749 (10th Cir. Apr. 17, 1996) (unpublished) (*Caldwell I*).[1]

In 2007, Caldwell filed a motion to modify his sentence pursuant to the retroactive application of Amendment 706 to USSG § 2D1.1(c), which reduced the guidelines range for crack cocaine offenses. *See United States v. Caldwell*, 327 F. App'x 789 (10th Cir. 2009) (*Caldwell IV*). We affirmed the district court's denial of this motion, concluding that because Caldwell was sentenced as a career offender, the reduction in the guideline ranges for crack cocaine offenses did not affect his sentence. *Id*. at 790–91.

---

[1] We also vacated Caldwell's sentence on the grounds that the district court miscalculated the applicable guideline range. This resulted in a series of appeals and remands that ultimately ended with Caldwell receiving the same 262-month sentence that was originally imposed. *United States v. Caldwell*, 219 F.3d 1186 (10th Cir. 2000) (*Caldwell II*) and *United States v. Caldwell*, 21 F. App'x 810, 811–12 (10th Cir. 2001) (*Caldwell III*) discuss this procedural history in more detail.

In 2011, Caldwell filed a new § 3582(c) motion, seeking to modify his sentence pursuant to the retroactive application of Amendment 750. Like Amendment 706, Amendment 750 modified USSG § 2D1.1(c), again reducing the guideline range for crack cocaine offenses. The district court denied Caldwell's second § 3582(c) motion without explanation. This appeal followed.

## II. Discussion

We review the denial of a reduction in sentence under § 3582(c) for an abuse of discretion. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). But we review the district court's interpretation of the USSG and other legal issues de novo. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). We construe Caldwell's filings liberally as he is proceeding pro se. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

Before we consider the merits of Caldwell's appeal, we must consider whether his appeal is timely. The district court denied Caldwell's motion on February 9, 2012. His notice of appeal was due within 14 days of this denial, on February 23, 2012, as set forth in Federal Rule of Appellate Procedure 4(b)(1)(A). *See United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) (holding Rule 4(b)(1)(A) applies to § 3582(c) motions). Caldwell did not file his

notice of appeal until March 5, 2012, roughly a week and a half after this deadline.[2]

Rule 4(b)(1)(A) is not a jurisdictional requirement; it is a claim-processing rule. *United States v. Garduño*, 506 F.3d 1287, 1291 (10th Cir. 2007) (internal quotation omitted). Although the government may forfeit an objection under this rule, when it raises the objection we must grant it relief. *Id*. The government has invoked Rule 4(b)(1)(A) in this case, and requests that we dismiss Caldwell's appeal.[3]

---

[2] Caldwell claims he delivered his notice of appeal to prison officials on February 22, 2012 and it was timely as to this date. The envelope for his notice of appeal is postmarked February 29, 2012, which he claims is the fault of the mail system. Under Rule 4(c)(1), an inmate's notice of appeal is timely if it is deposited in an institution's internal legal mail system by the filing date or if it contains a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting forth the date of the notice's deposit with prison officials, as well as a statement that first-class postage has been prepaid. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004).

Caldwell's notice of appeal was not deposited in his prison's legal mail system, nor does it contain the required declarations. Caldwell claims he deposited his notice in the legal mail system but it was mistakenly processed in the prison's regular mail system. But we have no proof of this beyond Caldwell's assertion. Thus Rule 4(c)(1) does not render his filing timely.

[3] Caldwell filed an untimely reply brief, along with a motion asking us to accept it, which we grant. In his reply, Caldwell argues the government's motion to dismiss was itself untimely under Tenth Circuit Rule 27.2(A)(3)(a), which requires a motion to dismiss for failure to comply with a federal appellate rule to be filed within 14 days of the filing of the notice of appeal, absent good cause. The government filed its motion to dismiss 15 days after Caldwell's notice of appeal, but did not argue it had good cause for its late filing.

(continued...)

There is one exception to this strict requirement: when a notice of appeal is filed less than 30 days beyond Rule 4(b)(1)(A)'s deadline, we may exercise our discretion to remand the case to the district court to allow it to determine whether to grant the appellant an extension of time under Rule 4(b)(4). *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). We decline to remand Caldwell's appeal because doing so would be futile: even on the merits, Caldwell is not entitled to a reduction in his sentence.

Only three circumstances allow a federal court to decrease a term of imprisonment once it has been imposed. *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010). These are: (1) when the Bureau of Prisons moves for a reduction based on a finding that special circumstances warrant it, (2) when a reduction is expressly permitted by statute or Federal Rule of Criminal Procedure 35, or (3) when a defendant was sentenced based on a sentencing range that was subsequently lowered. 18 U.S.C. § 3582(c). Even with these exceptions, courts may not lower the defendant's sentence except to the extent doing so is consistent with the factors listed in 18 U.S.C. § 3553(a) and the Sentencing Commission's

---

[3](...continued)
Caldwell's failure to raise the issue until his reply brief deprived the government of the opportunity to argue it had good cause for the late filing of its motion to dismiss. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). In addition, Rule 27.2(A)(3)(a) provides only that a motion to dismiss on these grounds "should" be filed within 14 days of the notice of appeal, not that it must be. For these reasons, and because the government's motion was only one day late, we will not deny the motion for failure to comply with Rule 27.2.(A)(3).

policy statement, found at USSG § 1B1.10. 18 U.S.C. § 3582(c)(2). If none of the exceptions in § 3582(c) applies, the district court lacks jurisdiction to consider a defendant's request for a sentence reduction. *Smartt*, 129 F.3d at 541.

Caldwell does not argue either of the first two exceptions is applicable here, so we focus on the third. Since Caldwell's conviction, the guidelines range for crack cocaine offenses has been lowered. But as we explained when addressing Caldwell's first § 3582(c) petition, this does not affect his sentence. *See Caldwell IV*, 327 F. App'x at 790. Congress's latest move to reduce the crack-to-powder disparity is no different.

First, the provisions in the Fair Sentencing Act of 2010, Pub. L. No. 11-120, 124 Stat. 2372 (2010), altering crack-to-powder ratios and the mandatory minimum sentences applicable to crack cocaine offenses, are not retroactive. They do not apply to individuals like Caldwell, who committed their offenses and were sentenced prior to April 3, 2010. *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011).

Second, the lower sentencing range for crack cocaine offenses established by Amendment 750, although it applies retroactively, does not apply to Caldwell. Caldwell was not sentenced under these Guidelines, but rather under the Career Offender Guidelines. *See Caldwell IV*, 327 F. App'x at 790. As we reasoned when considering Caldwell's previous § 3582(c) petition pursuant to Amendment

706, Caldwell's sentencing as a career offender precludes him from taking advantage of the reductions enacted by Amendments 706 and 750. *Id*. at 791.

Caldwell claims he is nonetheless entitled to a sentence reduction under *United States v. Miller*, No. 4:89-CR-120(JMR), 2010 WL 3119768 (D. Minn. Aug. 6, 2010). As an unpublished district court case from another circuit, *Miller* has no precedential value in this circuit, nor does it persuade us to reach a different result. *Miller* granted a defendant's § 3582(c) motion pursuant to Amendment 706, notwithstanding the fact that the defendant had been sentenced under the Career Offender Guidelines. *Id*. at *1. The court did so after finding the defendant's underlying guidelines calculation influenced the sentencing court's finding that the defendant qualified as a career offender. *Id*. at *2. *Miller* acknowledged this was a "singular and unique exception" and that in almost all cases, a defendant sentenced as a career offender is ineligible for a sentence reduction based on a reduction in the base offense guidelines. *Id*. at *1.

Caldwell argues his sentence was based on the guidelines range for his 1994 crack cocaine offense because at one point during his procedurally complex sentencing, the sentencing court granted a motion for a downward variance on the grounds that the Career Offender Guidelines significantly overrepresented the seriousness of Caldwell's criminal history. *See United States v. Caldwell*, 219 F.3d 1186, 1189 (10th Cir. 2000) (*Caldwell II*). But as we discussed in *Caldwell II*, the district court abused its discretion in granting this variance, as Caldwell's

criminal history clearly qualified him as a career offender. *Id*. at 1195. On remand, Caldwell was sentenced under the Career Offender Guidelines. *United States v. Caldwell*, 21 F. App'x 810, 811–12 (10th Cir. 2001) (*Caldwell III*).

In the alternative, Caldwell argues the district court now has the authority to vary from the Guidelines based on policy disagreements with the crack-to-powder disparity and should do so here. *See Spears v. United States*, 555 U.S. 261 (2009) (per curiam) (explaining that after *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are merely advisory and district courts may vary from them based on policy disagreements). But neither *Spears* nor *Booker* applies to a motion for resentencing under § 3582(c). *See United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008). "A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the *Booker* remedy." *Id*.

The district court may not modify Caldwell's sentence unless one of the exceptions listed in § 3582(c) applies. They do not. Accordingly, we decline to remand this case to the district court to determine whether to grant Caldwell an extension of time to file his notice of appeal because doing so would be futile.

## III. Conclusion

Because Caldwell's notice of appeal was untimely under Federal Rule of Appellate Procedure 4(b)(1)(A), we DISMISS his appeal. We GRANT his motion

to file a reply brief out of time.  We DENY his motion to proceed *in forma pauperis*.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge
